UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

# Case No.____________________

# The attached hand-written document has been scanned and is also available in the SUPPLEMENTAL PAPER FILE

(Rev. 10/2002) General Document

# UNITED STATES DISTRICT COURT

**Southern District of Florida**

Case Number: ______________________

"Pro Se" Motion

Eldrick Wooding, SR.

Plaintiff(s)

FILED by AR D.C.

FEB 23 2011

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

v.

Five Guys Burgers and Fries
Attn: John Catalano-President
P.O. Box 330489
Miami, Fla 33233

Defendant(s)

Paper Documents:
(TITLE OF DOCUMENT)

I, Eldrick Wooding SR. plaintiff or defendant, in the above styled cause, Do ask this court to set a date for a hearing in this matter: present my "Notice Of Right To Sue: Wrongful termination: Where my "Civil Rights" in the WorkPlace, was Violated, civil rights Act of 1964 and 1991: Please Note: I Was fired because I was Counting Tips: No other reason was given to me; There was a Cover-up for the Wrongful termination:

Please See: Attached documents; they (Five Guys) also discriminated against me for no reason; Inclosing:

Request the Courts to Set-up a hearing in this matter-and if need be Appoint an Attorney for me in this matter and would ask the Court that Five Guys President John Catalano "Pay Court Cost, Attorney Fees, And filing Fees, Etc:

(Rev. 10/2002) General Document

**Certificate of Service**

I Eldrick Wooding, Sr., certify that on this date Feb 24, 201 a true copy of the foregoing document was mailed to: Five Guys Burgers and Fries, Attn: John Catalano "President, P.O. Box 330489, Miami Fla 33233
name(s) and address(es)

By:

Eldrick Wooding, SR.
Printed or typed name of Filer

Eldrick Wooding Sr.
Signature of Filer

Florida Bar Number

E-mail address

Phone Number

Facsimile Number

2950 N.W. 161th ST #A
Street Address

Opa-Locka Fla 33054
City, State, Zip Code

EEOC Form 161 (11/09)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# DISMISSAL AND NOTICE OF RIGHTS

To: Eldrick Wooding, Sr.
2950 N.W. 161 Street
Apartment A
Opa Locka, FL 33054

ATTACHMENT / EXHIBIT A

From: Miami District Office
2 South Biscayne Blvd
Suite 2700
Miami, FL 33131

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 15C-2009-00289 | Ina Depaz, State & Local Coordinator | (305) 808-1752 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

[signature]

Delner Franklin-Thomas,
Acting District Director

NOV 3 0 2010
*(Date Mailed)*

Enclosures(s)

cc: FIVE GUYS
Attn: John Catalano, President
P.O Box 330489
Miami, FL 33233



Carlos Alvarez, Mayor

CHMENT / EXHIBIT B

**Miami-Dade County**
**Commission on Human Rights**
Office of Community Advocacy
111 NW 1st Street, Suite 620
Miami, FL 33128
**RBEQUALOPBD**

July 13, 2009

Mr. Eldrick Wooding, Sr.
2950 NW 161st Street Apt. A
Opa Locka, FL 33054

Re: Employment Discrimination Complaint

Dear Mr. Wooding:

Per our discussion today, please complete and return the enclosed questionnaire.

If you have any questions or comments, feel free to contact me.

Respectfully yours,

Bennie Barnes
Mediator/ADR Specialist
(305) 375-4594

Enclosure



ATTACHMENT / EXHIBIT C

Commission on Human Rights
Office of Community Advocacy
111 NW 1st Street, Suite 620
Miami, FL 33128
T 305-375-5272 F 305-372-6017

Carlos Alvarez, Mayor

miamidade.gov

August 14, 2009

Mr. Eldrick Wooding, Sr.
2950 N.W. 161 Street
Apartment A
Opa-Locka, Fl. 33054

***RE:*** ***Eldrick Wooding, Sr. v. Five Guys***
***MDCEOB Charge No.***
***EEOC Charge No. 15C-2009-00289***

Dear Mr. Wooding:

You have indicated a desire to file a charge of discrimination with the Miami-Dade County Commission on Human Rights ("CHR") and the U.S. Equal Employment Opportunity Commission (EEOC). In order for the CHR to process your charge, it is necessary for you to sign the enclosed charge form and return the form to us in the enclosed self-addressed envelope. To expedite your claim you may fax the fully executed charge form to **305-372-6017** and mail the original. Please do not alter the charge form as written as this may delay the processing of your claim. The charge form is drafted to show a brief summary of your allegations and not intended to provide specific details with regards to your claim. If you have additional information to offer, please indicate in a separate sheet of paper and enclose with the charge.

Please note that if we do not hear from you within thirty (30) days from the date of this letter we will assume that you are no longer interested in pursuing your claim and your file will be closed.

If you have any questions, please call (305) 375-5272.

Sincerely,

Intake Officer

Enclosure: Charge of discrimination

Pc: Case file

To: Miami-Dade County Commission on Human Rights
111 N.W. 1st Street
22nd Floor
Miami, Fla 33128

Aug 10, 2010
15C-2009-00289

ATTACHMENT / EXHIBIT D

I, am requesting, Names, Addresses, and Phone Numbers, to my case,

Managers, John, Michelle, sharelle, Carlos, and Phil.

Co-Workers at the time, Joanna, Maryana, Edwina, G.G., Jenny. And Video tape of July 6,-12, 2009.

And all that worked July 10, 2009, and July 12, 2009. and or From July 6-12, 2009:

Eldrick Mooding Sr.
Person Filing Charges

Manager on Duty Today Aug 11, 2010, is "Joe" office 305-567-5595

TTACHMENT / EXHIBIT E

Eldrick Wooding, Sr. Rebuttal conference 8/13/10

Wooding claims he began working for Five Guys on or about May 9, 2009 as a cook. He stated he performed his job well and successfully passed a computer-based test implemented by the company. Wooding stated that he loved his job and was very knowledgeable about the functions of store. He often made suggestions to his supervisor on ways to improve productivity that were implemented. He stated that he worked well with his supervisors and co-workers. He believes that problem began when he observed a Haitian female co-worker referred to as GiGi taking a dollar from the tip jar. Wooding stated when he asked what she was doing she became upset and began speaking in her native language. Wooding stated that he reported the incident to his supervisor Michelle. He observed Michelle speaking with GiGi and assumed that Michelle was speaking to GiGi about what he had reported. He stated however, that things got worse for him. Wooding stated similar to other employees he started counting the money in the tip jar and at one point removed the money from the jar and placed it in the manager's office before the next shift arrived. Wooding believes the Haitian females conspired to get him fired by complaining to management about him counting the tips. Wooding stated that he had every right to count the tip money since it is to be divided among the employees working during the shift. Wooding stated his supervisor never told him that he could not count the tips and was even told by his supervisor that it was ok for him to count the tip. Wooding said he has never disobeyed a directive given to him by his supervisor. He replied that if that had been the case, he would have been fired a long time ago. He also stated that he was never written up. Wooding provided a copy of his unemployment claim in which he was granted benefits. He believes if he had done anything wrong, he would have never been granted benefits. Wooding provided no direct evidence to substantiate his complaint.

Miami, FL 33128
(305) 536-4470
(305) 372-6017 (fax)
(305) 372-6093 (tty)

ATTACHMENT / EXHIBIT F

Intake Questionnaire

Please furnish the following information:

I. *General Information:*

Your name: (Mr.) Mrs., Ms. (circle one) Eldrick Wooding Sr.

Your address: 2950 N.W. 161th ST #A

Opa-Locka (city) Fla (state) 33054 (zip code)

The County you live in: Dade

The County you work in: Dade

Your home phone number: (include area code) 786-487-0736

Your Date of Birth: 4-9-55 Social Security No.: 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

Please provide the name of a relative, friend or neighbor, who would know how to reach you:

Name: ______

Phone Number: (include area code) ______

Have you sought assistance about the action you think is discriminatory from any government agency, from your union, an attorney or from any other service?

☐ No ☑ Yes (if yes, complete below)

Name of source of assistance: EEOC-Downtown

Date: July 14, 2009

Result: On Going

Have you filed a discrimination complaint in the past? ☐ No ☑ Yes (if yes, complete below)

Approximate date filed: Jan 26/2009

Name of company you filed complaint against. Royal Castle (Arnold's)

097
Rev. 12/06

Do you believe any of the following cause(s) of discrimination was/is a factor in your case? (mark the appropriate box(es)

☑ Race ☐ Color ☐ Religion ☐ National Origin ☐ Marital Status ☐ Disability

☑ Age ☑ Sex ☑ Retaliation ☐ Family Leave ☐ Familial Status ☑ Sexual Orientation

☐ Domestic Violence

What is your Sex? ☑ Male ☐ Female

What is your race? ☑ Black ☐ White ☐ Asian/Pacific Islander ☐ Hispanic

☐ American Indian ☐ Alaskan National

Your National Origin: ____________________

Your Marital status: ☑ Single ☐ Married ☐ Widowed ☐ Divorced

Your Disability (only list if disability complaint) ____________________

Your income category: ☐ -$10,000 ☐ $10,000-20,000 ☐ $20,000-30,000 ☐ $30,000-40,000 ☐ $40,000 +

What is the most recent date you believe you were discriminated against? July 12, 2009
(e.g., the date you were terminated, laid off, etc.)

**Employment Discrimination**

What is the name, address, and phone number of the employer, company, or agency that you are alleging discriminated against you?

Name: Five Guys

Address: 19501 Biscayne Blvd- Aventura Mall

Miami (City) Fla (State) 33180 (Zip Code)

Phone Number: (include area code) 305-466-5600 / 561-289-4291 Eric - District Manager?

What is the approximate number of persons employed by the employer, company, or agency that you are alleging discriminated against you: 100 or more

Your date of hire: May 9, 2009

Your present position or position held at time of discriminatory act: Fire-Cook, etc

097
Rev. 12/06

The reason you believe that your race, color, sex, religion, national origin, age, disability, marital status, financial status, sexual orientation, domestic violence and/or retaliation determined the action that was taken against you?

The reason it was race, the females are all Haitian and I am Black American, my age 54, all other female are younger than I am. They Retaliated against me by anyway they can toget me fired.

Please Note: I was fired because I was counting the tips, the Haitian females get mad when I count the tips, but there is no pordblems when some one else count the tips. My time for work would start at 8:00 A:M, so I had every right to count tips. when the other time for tips start at 4:00 p:m:

I was never told, I can't count tips. I was told I can: By: Managers, Carlos & Michelle:

If you have any direct evidence which would support your claim that the action taken against you was because of your race, color, sex, religion, national origin, age, disability, marital status, familial status, sexual orientation, domestic violence, or in retaliation for you engaging in a protected activity, please present it at this time? (Direct evidence can be testimonial or documentary. An example would be a company memo in which it is stated that the company wants to get rid of the older workers).

☐ I have no direct evidence

☑ I have direct evidence as follows:

The evidence is on Tape from the Job. July 10, 2009 at about 3:50 P:M and before they:

097
Rev. 12/06

If you know of anyone who was treated differently from you under similar circumstances, please i[illegible] your reason for filing the complaint. (For example: If you are filing a race complaint, identify what race the person is. Also explain briefly, what the person(s) did and how the person(s) was treated differently than you).

Joanna- Maryana- Different race- Hispanic

Witness(es) to the action:

Carlos- The Manager- Edwina- and or G- G.. Jenny the one who cause the problem.

I swear or affirm under penalty of perjury that my answers to the foregoing questions are true and correct.

Eldrick Wooding Sr.
Signature

July 19, 2009
Date

**FOR OFFICE USE ONLY:**

Intake notes:

ATTACHMENT / EXHIBIT C

**Barnes, Bennie R. (Advocacy)**

**From:** epatterson@fiveguysmiami.com
**Sent:** Friday, February 12, 2010 3:51 PM
**To:** Barnes, Bennie R. (Advocacy)
**Cc:** John Catalano; Raquel Catalano
**Subject:** Wooding Mediation Conference Form
**Attachments:** Wooding No Mediation.pdf

Mr. Barnes:

Five Suns Aventura management has decided not to take part in Mediation for Eldrick Wooding. The Mediation Conference form is attached.

Thank You,
Edith Patterson
HR Manager

-------- Original Message --------
Subject: FW: Attached Image
From: "Barnes, Bennie R. (Advocacy)" <BENBRNS@miamidade.gov>
Date: Tue, February 02, 2010 9:39 am
To: <epatterson@fiveguysmiami.com>

Hello Ms. Patterson,

Per your conversation with Ms. Ari Donahue this morning, please see the attached discrimination charge and accompanying materials. If you have any questions or comments, feel free to contact Ms. Donahue at 305-375-4594 or myself at 305-375-4594. Thank you.

Bennie Barnes

**From:** ocrscaner@miamidade.gov [mailto:ocrscaner@miamidade.gov]
**Sent:** Tuesday, February 02, 2010 11:41 AM
**To:** Barnes, Bennie R. (Advocacy)
**Subject:** Attached Image

ATTACHMENT / EXHIBIT H

:onal rights such as trial can be waived chooses, "[a]n effec- itutional right must g, and intelligent." So.2d 218, 219 (Fla. . *Alabama*, 395 U.S. L.Ed.2d 274 (1969) *States*, 397 U.S. 742, .2d 747 (1970)). The ; not demonstrate a nt waiver. *See also* 601 F.2d 1196 (1st minal defendant can al right to a public *United States*, 380 Ct. 783, 13 L.Ed.2d *e v. United States*, S.Ct. 1038, 4 L.Ed.2d g such waiver must nowing); *People v.* .2d 731, 732, 664 olding defense coun- the defendant's right onsenting to the clo- n); *People v. Brad-* 60 Cal.Rptr.2d 225, *rt. denied*, — U.S. 9 L.Ed.2d 293 (1997) *ate*, 220 Ga.App. 66, 996) (same); *State v.* 2d 254, 906 P.2d 325, (noting defendant's mporaneously to clo- ression hearing did right to public trial).

ote that our opinion s implying that the f the closed voir dire atment of Williams, the part of the trial y on the part of the h issues are not be- ier, when a violation c trial is established, ; required to prove ; presumed. *Waller*, Ct. 2210. The harm- not apply to the clo-

sure of courthouse doors. *Id.*, 467 U.S. at 49 n. 9, 104 S.Ct. 2210.

We reverse Williams' judgment and remand for a new trial.

REVERSED and REMANDED.

POLEN, STEVENSON and HAZOURI, JJ., concur.

**Randy IRVIN and Cathy Irvin, Petitioners,**

**v.**

**Jimmie (Jamey) WILLIAMS, L.H. Moore and his wife, Betty Moore, Respondents.**

**No. 98–3477.**

District Court of Appeal of Florida, First District.

May 14, 1999.

Petitioners appealed from decision of the County Court. The Circuit Court dismissed appeal on grounds that brief was untimely. Petitioners sought writ of certiorari. The District Court of Appeal, on original jurisdiction, held that severe sanction of dismissal of appeal for initial brief that was late by two and a half weeks was erroneous.

Certiorari granted.

**1. Costs ⚷221**

Sanction imposed for violation of Rules of Appellate Procedure must be commensurate with the violation. West's F.S.A. R.App.P.Rule 9.410.

**2. Appeal and Error ⚷784**

Dismissal is extreme sanction for violation of Rules of Appellate Procedure and, as such, is reserved for the most flagrant violations of the Appellate Rules. West's F.S.A. R.App.P.Rule 9.410.

**3. Appeal and Error ⚷773(2)**

Without more, failure to file brief on time is not serious enough violation of appellate rules to warrant dismissal of appeal. West's F.S.A. R.App.P.Rule 9.410.

**4. Appeal and Error ⚷773(2)**

Dismissal of appeal due to failure to file brief on time erroneous, where initial brief was late by two and a half weeks, petitioners had good reason to request additional time to retain substitute counsel, petitioners had not previously requested extension for any reason, delay was not shown to be prejudicial nor to interfere with orderly progress of appeal, and dismissal did not explain why such severe sanction was imposed. West's F.S.A. R.App.P.Rule 9.410.

---

Joseph L. Shields, Tallahassee, for Petitioners.

H. Guy Green, Marianna, for Respondents.

PER CURIAM.

We grant the petition for writ of certiorari in this case and quash the order of the circuit court dismissing the petitioners' appeal from the county court. The appeal was dismissed on the ground that the petitioners' brief was untimely, but there is no indication that such a severe sanction was warranted.

The petitioners' first attorney had been suspended from the practice of law, and they did not secure another attorney until shortly before the initial brief was due. The new attorney filed a motion for extension of time stating that he had just been retained and that, because of a personal illness, he would not be able to complete the brief by the due date. The motion also alleged that the respondents would not be prejudiced by the extension and that coun-

sel for the respondents had been notified of the motion but had not responded. The petitioners' initial brief was filed in the circuit court approximately two and one-half weeks after the due date. Subsequently, the circuit court entered an order dismissing the appeal on the ground that initial brief was untimely.

[1-3] A sanction imposed under rule 9.410 of the Florida Rules of Appellate Procedure must be commensurate with the violation. Dismissal is an extreme sanction and, as such, it is reserved for the most flagrant violations of the appellate rules. *See Swicegood v. Department of Transportation*, 394 So.2d 1111 (Fla. 1st DCA 1981) (holding that dismissal was proper because counsel had failed to file a brief, failed to request an extension of time, and failed to explain his conduct in response to an order of the court); *McClain v. Florida Power & Light Co.*, 523 So.2d 1245 (Fla. 1st DCA 1988) (holding that dismissal was proper because counsel had continually failed to timely prosecute his client's appeals, despite reprimands by the court and the imposition of monetary sanctions). Without more, however, the failure to file a brief on time is not a serious enough violation to warrant dismissal of an appeal. *See Leonard v. First Union Nat'l Bank of Florida*, 685 So.2d 98 (Fla. 3d DCA 1997); *Krebs v. State*, 588 So.2d 38 (Fla. 5th DCA 1991).

[4] In the present case, the petitioners' initial brief was late by only two and one-half weeks. The petitioners had a good reason to request additional time to retain substitute counsel and they had not previously requested an extension for any other reason. There is no evidence the delay was prejudicial or that it interfered with the orderly progress of the appeal. Moreover, the order contains no finding that explains why the court elected to impose such a severe sanction. We conclude that under these circumstances, the dismissal of the petitioners' appeal was a departure from the essential requirements of law.

Certiorari granted.

BARFIELD, C.J., VAN NORTWICK and PADOVANO, JJ., CONCUR.

**Chris VALENTINE, Appellant,**

**v.**

**STATE of Florida, Appellee.**

**No. 98-2343.**

District Court of Appeal of Florida, Fifth District.

May 28, 1999.

Defendant was convicted in the Circuit Court, Brevard County, Warren Burk, J., on his no contest plea to burglary of a structure, carrying a concealed weapon, and escape, and he appealed from his upward departure sentence. The District Court of Appeal, W. Sharp, J., held that upward departure sentence for failure to appear at sentencing was unwarranted.

Vacated and remanded for resentencing.

Dauksch, J., dissented.

**Criminal Law** ⊂⊃**1287(1)**

Upward departure sentence for failure to appear at sentencing, after pleading no contest to burglary of a structure, carrying a concealed weapon, and escape, was unwarranted, even though defendant moved to Germany for several years in the interim, where defendant's sentencing score at time of plea equated to non-prison sanction, defendant did not understand English very well, and release agreement was not

integral part of plea
was brought forwar
plea agreement wit
had been fully neg
West's F.S.A. §§ 790

James B. Gibson,
Nancy Ryan, Assis
Daytona Beach, for

Robert A. Butterv
al, Tallahassee, and
Assistant Attorne
Beach, for Appellee.

W. SHARP, J.

Valentine appeal
parture sentence of
burglary of a str
sentenced to time
concealed weapon,[2]
bation for escape.[3]
imposing a depart
Valentine had viol
release by not ap
Since the release
integral part of t
which Valentine
sentence and rema

In this case, th
tion in 1989 aga
him with crimes a
which took place
intoxicated, Valen
cupied restaurant
and a knife. Late
police car, he esca
obtaining the stat
July of 1989, Val
contest to carry
and escape, and t
The state nolle p
and agreed Valen
tence of two ye
sentencing point
cell, and greate
guidelines range

1. § 810.02, Fla.

2. § 790.01, Fla.