# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

# Case No. _11cv20610_

# The attached hand-written document
# has been scanned and is
# also available in the
# SUPPLEMENTAL
# PAPER FILE

(Rev. 10/2002) General Document

## UNITED STATES DISTRICT COURT

### Southern District of Florida

Case Number: _11-CV-20610-MGC_

_Eldrick Wooding, SR. "ProSe"_

Plaintiff(s)

v.

_Franchise_
_Five Suns Aventura LLC #1413_
_President-John Catalano_
_1540 South Dixie Highway_
_Miami, Fla 33146_

Defendant(s)

FILED by _UA_ D.C.

JUL 1 1 2011

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

_Amended Complaint_

*(TITLE OF DOCUMENT)*

I, _Eldrick Wooding, SR._ plaintiff or defendant, in the above styled cause,
_Do Hereby Amend my Complaint against, Five Suns-Aventura_
_LLC, #1413/Five Guys Burgers and Fries, Ask this court to_
_Set a date for a hearing in this matter present my "Notice_
_Of Right To Sue, for Wrongful Termination, Where my Civil_
_Rights in the workplace was violated, Civil Rights Act of_
_1964 and 1991: Please Note: I was fired because I_
_was counting Tips: No Other reason was given to me._
_There was a Cover-up for the Wrongful Termination:_
_Please See, Attached, they (Five Suns-Five Guys) also discrimi-_
_nated against me for no reason: In closing:_
_Request the_
_Courts to Set-up a hearing in this matter - and if need be_
_Appoint an Attorney for me in this matter and would_
_ask the Court that Five Suns Aventura LLC, #1413-_
_President-John Catalano "Pay Court Cost, Attoney fees_

(Rev. 10/2002) General Document

_and filing fees, etc. If amended complaint is grant-_
_ed, Plaintiff seek U. S. Marshal Service, to be served_
_on Defendant-Five Suns-Aventura LLC, President-John_
_Catalano, 1540 South Dixie Highway, Miami, Fla 33146_
_#1413:_

### Certificate of Service

I _____ , certify that on this date _____ a true copy

of the foregoing document was mailed to: _____
                                           name(s) and address(es)

By:
_Eldrick Wooding Sr._
Printed or typed name of Filer

_Eldrick Wooding Sr._
Signature of Filer

_____
Florida Bar Number

_____
E-mail address

_____
Phone Number

_____
Facsimile Number

_2950 N.W. 161th ST #A_
Street Address

_Opa-Locka, Fla 33054_
City, State, Zip Code

John Catalano - President
Franchisee
Five Guys Burgers and Fries
P.O. Box 330489
Miami, Fla 33233
Email: JMC @fiveguysmiami.
Com
Tel (305) 401-6904
Fax 786-522-4301
—————————— 11-CV-20610-MGC
Fax 305-567-5596
Office 305-567-5595
They Will NOT Give Me the
Direct Address To The
P.O. Box 330489
\ 502
John Catalano - President
~~Five Guys Burgers and Fries~~
~~19595 Biscayne Blvd~~
Aventura Mall
Miami. Fla 33180

                    Served on
Amended =
Five Suns-Aventura LLC  #1413
President - John Catalano
1540 South Dixie Highway
Miami Fla 33146
  305-740-5972

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 510-2009-05216 |

| Florida Commission On Human Relations | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Mr. Eldrick Wooding, Sr.** | | **04-09-1955** |

| Street Address | City, State and ZIP Code |
|---|---|
| **2950 Nw 161 Street, #A, Opa Locka, FL 33054** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **FIVE GUYS** | **101 - 200** | **(703) 339-9500** |

| Street Address | City, State and ZIP Code |
|---|---|
| **Aventura Mall,  19501 Biscayne Blvd,  Miami, FL 33180** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON (Check appropriate box(es).) | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: **05-12-2009**   Latest: **07-12-2009**

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began my employment with the Respondent on or about May 9, 2009. My most recent position was Cook. During my employment, several Haitian female employees were upset that I was counting the employee tips received during my shift. My Supervisor, Michelle LNU, was made aware of the conflict and discussed it with me. On July 10, 2009, I was in the process of counting the tips when I was approached by the Haitian females who again began to create conflict. Subsequently, on July 12, 2009, I was informed by my Supervisor, that I was being terminated due to a problem with me counting the tips.

I believe that I have been discriminated against because of my race, Black and sex, Male in violation of Title VII of the Civil Rights Act of 1964, as amended. I also believe that I have been discriminated against because of my age, 54 (D.O.B. 04/09/1955), in violation of the Age Discrimination in Employment Act of 1967, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Jul 14, 2009**  _Eldrick Wooding Sr._  Date    Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

AGENCY FOR WORKFORCE INNOVATION
UNEMPLOYMENT COMPENSATION PROGRAM
CLAIMS AND BENEFITS

ID#: 2009193 01 20100503
SOCIAL SECURITY NO: 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
CLAIM FILED EFFECTIVE: 05/04/09
CLAIM OFFICE NO: 3654
ISSUE CODE: 1 01 300051
DATE MAILED: 09/09/09
ADJ NAME: B X MONCHERY

## SECTION I. NOTICE OF DETERMINATION

THE CLAIMANT WAS DISCHARGED FOR NOT PERFORMING THE JOB TO THE EMPLOYER'S
SATISFACTION WHILE ON PROBATION.  THE INFORMATION RECEIVED DOES NOT
SUBSTANTIATE MISCONDUCT.

## SECTION II. DETERMINATION

In accordance with Section 443, Florida Statutes:
Benefits are payable because:
THE DISCHARGE WAS FOR REASON OTHER THAN MISCONDUCT CONNECTED WITH THE WORK.

ANY BENEFITS RECEIVED FOR WHICH YOU WERE NOT ENTITLED ARE OVERPAYMENTS AND
SUBJECT TO RECOVERY.

SECTION III. EMPLOYER CHARGEABILITY

THE EMPLOYER IS NOT CHARGEABLE SINCE THE EMPLOYMENT WAS NOT IN THE BASE PERIOD.

**Español: Vea el dorso del documento**          **Kreyol: Gade deye pag la**

THIS DETERMINATION WILL BE FINAL UNLESS AN APPEAL IS FILED WITHIN 20 CALENDAR
DAYS AFTER THE MAILING DATE SHOWN ABOVE. IF THE 20TH DAY IS A SATURDAY, SUNDAY
OR STATE HOLIDAY, AN APPEAL MAY BE FILED ON THE NEXT BUSINESS DAY. FILE AN
APPEAL ON-LINE AT WWW.FLUIDNOW.COM/APPEALS OR MAIL TO UC APPEALS; MSC 347
CALDWELL BUILDING; 107 EAST MADISON STREET; TALLAHASSEE, FL 32399-4143; OR FAX
TO (850) 921-3524. INCLUDE THE CLAIMANT'S NAME AND SOCIAL SECURITY NUMBER. IF
FILED ON-LINE, THE CONFIRMATION DATE IS THE FILING DATE. IF MAILED, THE POSTMARK
DATE IS THE FILING DATE. IF FAXED, THE DATE STAMPED RECEIVED IS THE FILING DATE.
CALL (800) 204-2418 WITH ANY QUESTIONS ABOUT THIS CLAIM OR FILING AN APPEAL.

IF UNEMPLOYED, YOU MUST CONTINUE REPORTING ON YOUR CLAIM UNTIL ALL
REDETERMINATIONS/APPEALS ARE RESOLVED.

CLAIMANT / AGENT ADDRESS          EMPLOYER / AGENT ADDRESS

ELDRICK   W WOODING,SR            FIVE SUNS AVENTURA LLC
2950 N.W. 161ST STREET APT A      FIVE GUYS BURGERS AND FRIES
MIAMI               FL 33054      19501 BISCAYNE BLVD STE 1413
                                  AVENTURA            FL 33180-2342

AWI FORM UCB-45 (REV 02/2008)

```
ELDRICK    W WOODING,SR
2950 N.W. 161ST STREET APT A
MIAMI               FL 33054
```

**ESPAÑOL:**

ESTA DETERMINACIÓN SERÁ DEFINITIVA A MENOS QUE SE PRESENTE UNA APELACIÓN EN UN PLAZO DE 20 DÍAS DE CALENDARIO DESPUÉS DE LA FECHA DE ENVÍO POSTAL QUE SE MUESTRA ARRIBA. SI EL VIGÉSIMO (20) DÍA ES UN SÁBADO, DOMINGO O UN DÍA FERIADO ESTATAL, SE PUEDE PRESENTAR LA APELACIÓN AL SIGUIENTE DÍA LABORAL. PRESENTE LA APELACIÓN VÍA INTERNET EN WWW.FLUIDNOW.COM/APPEALS O ENVÍELA POR CORREO A: UC APPEALS; MSC 347 CALDWELL BUILDING; 107 EAST MADISON STREET; TALLAHASSEE, FL 32399-4143; O VÍA FAX AL (850) 921-3524. INCLUYA EL NOMBRE Y EL NÚMERO DE SEGURO SOCIAL DEL RECLAMANTE. SI LA APELACIÓN SE PRESENTA VÍA INTERNET, LA FECHA DE CONFIRMACIÓN SERÁ LA FECHA DE PRESENTACIÓN. SI SE ENVÍA POR CORREO, LA FECHA INDICADA POR EL MATASELLOS SERÁ LA FECHA DE PRESENTACIÓN. SI SE ENVÍA POR FAX, LA FECHA DE ACUSE DE RECIBO SERÁ LA FECHA DE PRESENTACIÓN. SI TIENE ALGUNA PREGUNTA SOBRE ESTE RECLAMO O SOBRE LA FORMA DE COMO PRESENTAR UNA APELACIÓN LLAME AL 1-800-204-2418. SI ESTÁ DESEMPLEADO, DEBE CONTINUAR INFORMANDO EN BASE A SU RECLAMO HASTA QUE TODAS LAS NUEVAS DETERMINACIONES/APELACIONES SE RESUELVAN.

**KREYOL:**

DETÈMINASYON SA A AP FINAL AMWENKE OU DEPOZE YON APÈL ANVAN 20 JOU PASE APRE DAT YO TE VOYE DETÈMINASYON AN BA W PA LAPÒS LA. SI 20YÈM JOU A SE YON SAMDI, DIMANCH OSWA YON JOU FÈT NASYONAL, OU KA DEPOZE YON APÈL PWOCHEN JOU BIZNIS OUVRI A. OU KA RENPLI YON APÈL SOU ENTÈNÈT LA NAN WWW.FLUIDNOW.COM/APPEALS OSWA VOYE LI PA LAPÒS BAY UC APPEALS; MSC 347 CALDWELL BUILDING; 107 EAST MADISON STREET; TALLAHASSEE, FL 32399-4143; OSWA PA FAX NAN (850) 921-3524. METE NON AK NIMEWO SEKIRITE SOSYAL MOUN KAP FÈ REKLAMASYON AN. SI W RENPLI APÈL LA SOU ENTÈNÈT LA, DAT KONFIMASYON AN SE DAT OU VOYE APÈL LA SOU ENTÈNÈT LA. SI W VOYE APÈL LA PA LAPÒS, SE DAT KI NAN SO LAPÒS LA KI DAT OU DEPOZE APÈL LA. SI W VOYE APÈL LA PA FAX, SE DAT KI MAKE NAN SO KI DI YO RESEVWA APÈL LA KI DAT OU DEPOZE APÈL LA. RELE 1-800-204-2418 POU POZE NENPÒT KESYON SOU REKLAMASYON SA A OSWA SOU KOUMAN POU DEPOZE YON APÈL. SI W PAP TRAVAY, OU DWE KONTINYE RAPÒTE SOU REKLAMASYON OU LAN JISKASKE TOUT REDETEMINASYON/APÈL FIN REZOUD.

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To:  **Eldrick Wooding, Sr.**
**2950 N.W. 161 Street**
**Apartment A**
**Opa Locka, FL 33054**

ATTACHMENT / EXHIBIT __A__

From:  **Miami District Office**
**2 South Biscayne Blvd**
**Suite 2700**
**Miami, FL 33131**

| | | |
|---|---|---|
| ☐ | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) | |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 15C-2009-00289 | **Ina Depaz,**<br>**State & Local Coordinator** | **(305) 808-1752** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Delner Franklin-Thomas                                   NOV 3 0 2010

Enclosures(s)

**Delner  Franklin-Thomas,**
**Acting District Director**

(Date Mailed)

cc:    **FIVE GUYS**
**Attn: John Catalano, President**
**P.O Box 330489**
**Miami, FL 33233**

# Record of Disciplinary Action
## FIVE SUNS MANAGERS, LLC.

| | | | |
|---|---|---|---|
| Employee Name | Eldrick | Employee Title | Crew Member |
| Manager Name | Michelle Hicks | Manager Title | General Manager |
| Today's Date | 6-18-09 | Incident Date | 6-18-09 |
| Incident Time | 12:00 - 1:00 | Incident Location | 395 - Aventura |

Description of the incident that occurred:

Eldrick came with bag of tips and open desk and said I'm putting tips in here. I asked why he said I'll seperate later.  over →2

Witnesses to the incident (if applicable):

Carlos Drez

Corrective or disciplinary action to be taken:

☒ Verbal   ☐ Written   ☐ Probation   ☐ Suspension   ☐ Other (explain below)

(If on probation, period begins _____ and ends _____.)

Goals to be achieved:

To stop worring about tips it is causing issues w/ staff!

Consequences for failure to improve performance or correct behavior:

termination

Prior discussions or warnings on this subject, whether oral or written:

NA.

Employee statement:

_____

_____

_____

_____

_____

_____

I acknowledge that I have read and understand the above information and consequences.

Employee Signature

Supervisor Signature

Date

Date: 6-18-09

Carlos and I stood in prep area and told Eldrick this action has to stop if not then we are going to have to stop with recieving tips. And spoke to him about time standards of prep and everyone has to help prep he can not only set up the front he has to be part of the morning prep. We can't here anyone on just come in set up fry station. He needs to start being part of the team, and this action and the tips is a huge part of disruption in the store.



**Carlos Alvarez, Mayor**

ATTACHMENT / EXHIBIT _β_

**Miami-Dade County**
**Commission on Human Rights**
Office of Community Advocacy
111 NW 1st Street, Suite 620
Miami, FL  33128
**RBEQUALOPBD**

July 13, 2009

Mr. Eldrick Wooding, Sr.
2950 NW 161st Street  Apt. A
Opa Locka, FL 33054

Re: Employment Discrimination Complaint

Dear Mr. Wooding:

Per our discussion today, please complete and return the enclosed
questionnaire.

If you have any questions or comments, feel free to contact me.

Respectfully yours,

Bennie Barnes
Mediator/ADR Specialist
(305) 375-4594

Enclosure



Commission on Human Rights
Office of Community Advocacy
111 NW 1st Street, Suite 620
Miami, FL 33128
T 305-375-5272  F 305-372-6017

Carlos Alvarez, Mayor

miamidade.gov

August 14, 2009

Mr. Eldrick Wooding, Sr.
2950 N.W. 161 Street
Apartment A
Opa-Locka, Fl. 33054

**RE:    *Eldrick Wooding, Sr. v. Five Guys***
**MDCEOB Charge No.**
**EEOC Charge No.        *15C-2009-00289***

Dear Mr. Wooding:

You have indicated a desire to file a charge of discrimination with the Miami-Dade County Commission on Human Rights ("CHR") and the U.S. Equal Employment Opportunity Commission (EEOC).  In order for the CHR to process your charge, it is necessary for you to sign the enclosed charge form and return the form to us in the enclosed self-addressed envelope. To expedite your claim you may fax the fully executed charge form to **305-372-6017** and mail the original. Please do not alter the charge form as written as this may delay the processing of your claim. The charge form is drafted to show a brief summary of your allegations and not intended to provide specific details with regards to your claim. If you have additional information to offer, please indicate in a separate sheet of paper and enclose with the charge.

Please note that if we do not hear from you within thirty (30) days from the date of this letter we will assume that you are no longer interested in pursuing your claim and your file will be closed.

If you have any questions, please call (305) 375-5272.

Sincerely,

Intake Officer

Enclosure:  Charge of discrimination

Pc:  Case file

017
Rev. 12/06

IMPORTANT

# DUAL FILE

IMPORTANT

**DATE:** **August 27, 2009**

**TO:**    Miami District Office
U.S. Equal Employment Opportunity Commission
One Biscayne Tower
Two South Biscayne Boulevard
Suite 2700
Miami, FL 33131

**FROM:** Miami-Dade County Commission on Human Rights
Stephen P. Clark Center
111 NW 1st Street, Suite 620
Miami, FL  33128

**RE:**    *EEOC Charge No.*        *Charging Party/Respondent*
15C200900289/090814242    Eldrick Wooding, Sr.
                                                    v.
                                        Five Guys

To: Miami-Dade County Commission      Aug 10, 2010

on Human Rights      15C-2009-00289

111 N.W. 1st Street

22nd Floor     D

Miami, Fla 33128


     I, am requesting, Names, Addresses, and Phone Numbers, to my case,

     Managers, John, Michelle, Sharelle, Carlos, and Phil.

     Co-Workers at the time, Joanna, Maryana, Edwina, G.G., Jenny. And Video tape of July 6,-12, 2009.

     And all that Worked July 10, 2009, and July 12, 2009. and or From July 6-12, 2009:


       Eldrick Wooding Sr.

       Person Filing Charges

Manager on Duty Today Aug 11, 2010, is "Joe" office 305-567-5595

*E*

Eldrick Wooding, Sr. Rebuttal conference                            8/13/10

Wooding claims he began working for Five Guys on or about May 9, 2009 as a cook. He stated he performed his job well and successfully passed a computer-based test implemented by the company. Wooding stated that he loved his job and was very knowledgeable about the functions of store. He often made suggestions to his supervisor on ways to improve productivity that were implemented. He stated that he worked well with his supervisors and co-workers. He believes that problem began when he observed a Haitian female co-worker referred to as GiGi taking a dollar from the tip jar. Wooding stated when he asked what she was doing she became upset and began speaking in her native language. Wooding stated that he reported the incident to his supervisor Michelle. He observed Michelle speaking with GiGi and assumed that Michelle was speaking to GiGi about what he had reported. He stated however, that things got worse for him. Wooding stated similar to other employees he started counting the money in the tip jar and at one point removed the money from the jar and placed it in the manager's office before the next shift arrived. Wooding believes the Haitian females conspired to get him fired by complaining to management about him counting the tips. Wooding stated that he had every right to count the tip money since it is to be divided among the employees working during the shift. Wooding stated his supervisor never told him that he could not count the tips and was even told by his supervisor that it was ok for him to count the tip. Wooding said he has never disobeyed a directive given to him by his supervisor. He replied that if that had been the case, he would have been fired a long time ago. He also stated that he was never written up. Wooding provided a copy of his unemployment claim in which he was granted benefits. He believes if he had done anything wrong, he would have never been granted benefits. Wooding provided no direct evidence to substantiate his complaint.

CHMENT / EXHIBIT _G_

## Barnes, Bennie R. (Advocacy)

| | |
|---|---|
| **From:** | epatterson@fiveguysmiami.com |
| **Sent:** | Friday, February 12, 2010 3:51 PM |
| **To:** | Barnes, Bennie R. (Advocacy) |
| **Cc:** | John Catalano; Raquel Catalano |
| **Subject:** | Wooding Mediation Conference Form |
| **Attachments:** | Wooding No Mediation.pdf |

Mr. Barnes:

Five Suns Aventura management has decided not to take part in Mediation for Eldrick Wooding. The Mediation Conference form is attached.

Thank You,
Edith Patterson
HR Manager


-------- Original Message --------
Subject: FW: Attached Image
From: "Barnes, Bennie R. (Advocacy)" <BENBRNS@miamidade.gov>
Date: Tue, February 02, 2010 9:39 am
To: <epatterson@fiveguysmiami.com>

Hello Ms. Patterson,

Per your conversation with Ms. Ari Donahue this morning, please see the attached discrimination charge and accompanying materials.  If you have any questions or comments, feel free to contact Ms. Donahue at 305-375-4594 or myself at 305-375-4594.  Thank you.

Bennie Barnes


**From:** ocrscaner@miamidade.gov [mailto:ocrscaner@miamidade.gov]
**Sent:** Tuesday, February 02, 2010 11:41 AM
**To:** Barnes, Bennie R. (Advocacy)
**Subject:** Attached Image

2/16/2010

ATTACHMENT / EXHIBIT __H__

IRVIN v. WILLIAMS          Fla.  **705**
Cite as 736 So.2d 705 (Fla.App. 1 Dist. 1999)

onal rights such as
trial can be waived
chooses, "[a]n effec-
itutional right must
g, and intelligent."
So.2d 218, 219 (Fla.
. *Alabama,* 395 U.S.
L.Ed.2d 274 (1969)
*States,* 397 U.S. 742,
.2d 747 (1970)). The
: not demonstrate a
it waiver. *See also*
601 F.2d 1196 (1st
minal defendant can
al right to a public
*United States,* 380
Ct. 783, 13 L.Ed.2d
*e v. United States,*
.Ct. 1038, 4 L.Ed.2d
g such waiver must
nowing); *People v.*
.2d 731, 732, 664
olding defense coun-
he defendant's right
insenting to the clo-
i); *People v. Brad-*
60 Cal.Rptr.2d 225,
*rt. denied,* — U.S.
9 L.Ed.2d 293 (1997)
*ite,* 220 Ga.App. 66,
996) (same); *State v.*
2d 254, 906 P.2d 325,
(noting defendant's
mporaneously to clo-
ression hearing did
right to public trial).

ite that our opinion
.s implying that the
f the closed voir dire
itment of Williams,
the part of the trial
y on the part of the
h issues are not be-
er, when a violation
c trial is established,
: required to prove
: presumed. *Waller,*
:t. 2210. The harm-
iot apply to the clo-

sure of courthouse doors. *Id.,* 467 U.S. at
49 n. 9, 104 S.Ct. 2210.

We reverse Williams' judgment and re-
mand for a new trial.

REVERSED and REMANDED.

POLEN, STEVENSON and
HAZOURI, JJ., concur.



Randy IRVIN and Cathy
Irvin, Petitioners,

v.

Jimmie (Jamey) WILLIAMS, L.H.
Moore and his wife, Betty
Moore, Respondents.

No. 98–3477.

District Court of Appeal of Florida,
First District.

May 14, 1999.

Petitioners appealed from decision of
the County Court. The Circuit Court dis-
missed appeal on grounds that brief was
untimely. Petitioners sought writ of certio-
rari. The District Court of Appeal, on orig-
inal jurisdiction, held that severe sanction
of dismissal of appeal for initial brief that
was late by two and a half weeks was
erroneous.

Certiorari granted.

1. Costs ⟜221
    Sanction imposed for violation of
Rules of Appellate Procedure must be
commensurate with the violation. West's
F.S.A. R.App.P.Rule 9.410.

2. Appeal and Error ⟜784
    Dismissal is extreme sanction for vio-
lation of Rules of Appellate Procedure and,

as such, is reserved for the most flagrant
violations of the Appellate Rules. West's
F.S.A. R.App.P.Rule 9.410.

3. Appeal and Error ⟜773(2)
    Without more, failure to file brief on
time is not serious enough violation of
appellate rules to warrant dismissal of ap-
peal. West's F.S.A. R.App.P.Rule 9.410.

4. Appeal and Error ⟜773(2)
    Dismissal of appeal due to failure to
file brief on time erroneous, where initial
brief was late by two and a half weeks,
petitioners had good reason to request ad-
ditional time to retain substitute counsel,
petitioners had not previously requested
extension for any reason, delay was not
shown to be prejudicial nor to interfere
with orderly progress of appeal, and dis-
missal did not explain why such severe
sanction was imposed. West's F.S.A.
R.App.P.Rule 9.410.

Joseph L. Shields, Tallahassee, for Peti-
tioners.

H. Guy Green, Marianna, for Respon-
dents.

PER CURIAM.

We grant the petition for writ of certio-
rari in this case and quash the order of the
circuit court dismissing the petitioners' ap-
peal from the county court. The appeal
was dismissed on the ground that the peti-
tioners' brief was untimely, but there is no
indication that such a severe sanction was
warranted.

The petitioners' first attorney had been
suspended from the practice of law, and
they did not secure another attorney until
shortly before the initial brief was due.
The new attorney filed a motion for exten-
sion of time stating that he had just been
retained and that, because of a personal
illness, he would not be able to complete
the brief by the due date. The motion also
alleged that the respondents would not be
prejudiced by the extension and that coun-

**706** Fla.      **736 SOUTHERN REPORTER, 2d SERIES**

sel for the respondents had been notified of the motion but had not responded. The petitioners' initial brief was filed in the circuit court approximately two and one-half weeks after the due date. Subsequently, the circuit court entered an order dismissing the appeal on the ground that initial brief was untimely.

**[1–3]** A sanction imposed under rule 9.410 of the Florida Rules of Appellate Procedure must be commensurate with the violation. Dismissal is an extreme sanction and, as such, it is reserved for the most flagrant violations of the appellate rules. *See Swicegood v. Department of Transportation,* 394 So.2d 1111 (Fla. 1st DCA 1981) (holding that dismissal was proper because counsel had failed to file a brief, failed to request an extension of time, and failed to explain his conduct in response to an order of the court); *McClain v. Florida Power & Light Co.,* 523 So.2d 1245 (Fla. 1st DCA 1988) (holding that dismissal was proper because counsel had continually failed to timely prosecute his client's appeals, despite reprimands by the court and the imposition of monetary sanctions). Without more, however, the failure to file a brief on time is not a serious enough violation to warrant dismissal of an appeal. *See Leonard v. First Union Nat'l Bank of Florida,* 685 So.2d 98 (Fla. 3d DCA 1997); *Krebs v. State,* 588 So.2d 38 (Fla. 5th DCA 1991).

**[4]** In the present case, the petitioners' initial brief was late by only two and one-half weeks. The petitioners had a good reason to request additional time to retain substitute counsel and they had not previously requested an extension for any other reason. There is no evidence that the delay was prejudicial or that it interfered with the orderly progress of the appeal. Moreover, the order contains no finding that explains why the court elected to impose such a severe sanction. We conclude that under these circumstances, the dismissal

of the petitioners' appeal was a departure from the essential requirements of law.

Certiorari granted.

BARFIELD, C.J., VAN NORTWICK and PADOVANO, JJ., CONCUR.



Chris VALENTINE, Appellant,

v.

STATE of Florida, Appellee.

No. 98–2343.

District Court of Appeal of Florida, Fifth District.

May 28, 1999.

Defendant was convicted in the Circuit Court, Brevard County, Warren Burk, J., on his no contest plea to burglary of a structure, carrying a concealed weapon, and escape, and he appealed from his upward departure sentence. The District Court of Appeal, W. Sharp, J., held that upward departure sentence for failure to appear at sentencing was unwarranted.

Vacated and remanded for resentencing.

Dauksch, J., dissented.

**Criminal Law ⟨KEY⟩1287(1)**

Upward departure sentence for failure to appear at sentencing, after pleading no contest to burglary of a structure, carrying a concealed weapon, and escape, was unwarranted, even though defendant moved to Germany for several years in the interim, where defendant's sentencing score at time of plea equated to non-prison sanction, defendant did not understand English very well, and release agreement was not

integral part of plea
was brought forwar
plea agreement with
had been fully neg
West's F.S.A. §§ 790

——

James B. Gibson,
Nancy Ryan, Assis
Daytona Beach, for ,

Robert A. Butter
al, Tallahassee, and
Assistant Attorne
Beach, for Appellee.

W. SHARP, J.

Valentine appeal:
parture sentence of
burglary of a str
sentenced to time
concealed weapon,[2]
bation for escape.[3]
imposing a depart
Valentine had viol
release by not ap
Since the release
integral part of th
which Valentine
sentence and rema

In this case, the
tion in 1989 aga:
him with crimes a
which took place
intoxicated, Valen
cupied restaurant
and a knife. Late
police car, he esca
obtaining the stat
July of 1989, Val
contest to carryi
and escape, and t
The state nolle p:
and agreed Valer
tence of two ye:
sentencing point
cell, and greate
guidelines range:

1. § 810.02, Fla. :

2. § 790.01, Fla. :

Miami, FL 33128
(305) 372-6017 (fax)
(305) 372-6093 (tty)

*F*

## Intake Questionnaire

Please furnish the following information:

**I.** *General Information:*

Your name: (Mr.) Mrs., Ms. (circle one) *Eldrick Wooding SR.*

Your address: *2950 N.W. 161st ST #A*

*Opa-Locka*
(city)
*Fla*
(state)
*33054*
(zip code)

The County you live in: *Dade*

The County you work in: *Dade*

Your home phone number: (include area code) *786-487-0736*

Your Date of Birth: *4-9-55*          Social Security No.: *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*

Please provide the name of a relative, friend or neighbor, who would know how to reach you:

Name: _____

Phone Number: (include area code) _____

Have you sought assistance about the action you think is discriminatory from any government? agency, from your union, an attorney or from any other service?

☐ No     ☑ Yes  (if yes, complete below)

Name of source of assistance: *EEOC-Downtown*

Date: *July 14, 2009*

Result: *On Going*

Have you filed a discrimination complaint in the past? ☐ No  ☑ Yes (if yes, complete below)

Approximate date filed: *Jan 26, 2009*

Name of company you filed complaint against. *Royal Castle (Arnold's)*

097
Rev. 12/06

**Page 1 of 5**

How did you find out about this agency?

**Do you believe any of the following cause(s) of discrimination was/is a factor in your case?** mark the appropriate box(es)

☑ Race ☐ Color ☐ Religion ☐ National Origin ☐ Marital Status ☐ Disability

☑ Age ☑ Sex ☑ Retaliation ☐ Family Leave ☐ Familial Status ☑ Sexual Orientation

☐ Domestic Violence

**What is your Sex?** ☑ Male ☐ Female

**What is your race?** ☑ Black ☐ White ☐ Asian/Pacific Islander ☐ Hispanic

☐ American Indian ☐ Alaskan National

Your National Origin: _____

Your Marital status: ☑ Single ☐ Married ☐ Widowed ☐ Divorced

Your Disability (only list if disability complaint) _____

Your income category: ☐ -$10,000 ☐ $10,000-20,000 ☐ $20,000-30,000
☐ $30,000-40,000 ☐ $40,000 +

What is the most recent date you believe you were discriminated against? *July 12, 2009*
(e.g., the date you were terminated, laid off, etc.)

## Employment Discrimination

What is the name, address, and phone number of the employer, company, or agency that you are alleging discriminated against you?

Name: *Five Guys*

Address: *19501 Biscayne Blvd - Aventura Mall*

*Miami*                    *Fla*                    *33180*
(City)                     (State)                  (Zip Code)

Phone Number: (include area code) *305-466-5600 / 561-289-4291*
*Eric - District Manager?*

What is the approximate number of persons employed by the employer, company, or agency that you are alleging discriminated against you: *100 or more*

Your date of hire: *May 9, 2009*

Your present position or position held at time of discriminatory act: *Fire - Cook, etc*

097
Rev. 12/06

**Page 2 of 5**

The reason you believe that your race, color, sex, religion, national origin, age, disability, marital status, financial status, sexual orientation, domestic violence and/or retaliation determined the action that was taken against you?

*The reason it was race, the females are all Haitian and I am Black American, my age 54, all other female are younger than I am. They Retaliated against me by anyway they can to get me fired.*

*Please Note: I was fired because I was counting the tips, the Haitian females get mad when I count the tips, but there is no problems when some one else count the tips. My time for work would start at 8:00 A:m, so I had every right to count tips. when the other time for tips start at 4:00 p:m:*

*I was never told, I can't count tips. I was told I can:*
*By: Managers, Carlos & Michelle:*

If you have any direct evidence which would support your claim that the action taken against you was because of your race, color, sex, religion, national origin, age, disability, marital status, familial status, sexual orientation, domestic violence, or in retaliation for you engaging in a protected activity, please present it at this time?  (Direct evidence can be testimonial or documentary.  An example would be a company memo in which it is stated that the company wants to get rid of the older workers).

☐ I have no direct evidence          ☑ I have direct evidence as follows:

*The evidence is on Tape from the Job. July 10, 2009 at about 3:50 P:m and before they:*

097
Rev. 12/06

**Page 4 of 5**

If you know of anyone who was treated differently from you under similar circumstances, please identify by name and job title (if employment). Also identify the person's classification according to your reason for filing the complaint. (For example: If you are filing a race complaint, identify what race the person is. Also explain briefly, what the person(s) did and how the person(s) was treated differently than you).

Joanna- Maryana- Different race- Hispanic

Witness(es) to the action:

Carlos- The Manager- Edwina- and or G- G- Jenny the one who cause the problem.

I swear or affirm under penalty of perjury that my answers to the foregoing questions are true and correct.

Eldrick Wooding Sr.
Signature

July 19, 2009
Date

**FOR OFFICE USE ONLY:**

Intake notes:

097
Rev. 12/06

**Page 5 of 5**

To: Miami-Dade County Office of
Human Rights And Fair
Employment Practices
111 N.W 1st street
Suite 2220
Miami, Fla 33128

Oct 5, 2010

MDCCHR Charge No:
09 0814 242
EEOC Charge No:
15C 2009 00289

<u>The Charging Party, Request an Appeal of
the Miami-Dade County Commission on Human Rights,
and Fair Employment Practices.</u>

I, am requesting a on appeal and a
hearing from the (CHR) dismissal of my complaint.
Request copies of all documents:
Including from the investigator.

I, ask that (CHR)
Forward a Copy
To <u>Five Guys</u>:

<u>Eldrick Wooding Sr.</u>
The Charging Party
<u>Appeal</u>

<u>Debra A. Williams</u>
<u>Notary Public At Large</u>

10/6/10

OCT 7 2010 PM 12:13



DEBRA A. WILLIAMS
MY COMMISSION # DD 772335
EXPIRES April 24, 20 12
Floridanotaryservice.com

(1 of 1)

## Miami Dade County Commission on Human Rights

### Mediation Conference Form

**Case Title:**  Eldrick Wooding, Sr. v. Five Guys

**Charge Number:**  09-0814-242

☐     I hereby agree to participate in a Mediation Conference. I understand that the purpose of this conference is to provide an effective, timely and voluntary resolution of the charge of discrimination. I understand that the mediator(s) will assist the parties in resolving the dispute; and may make suggestions, but will not make any judgment on the merits of the case, and will not represent either party. I understand that I have the right to have an attorney represent me at the mediation conference if I so choose. I understand that if an agreement is reached, it will be put in writing and signed by both parties, and the case will be closed.

I agree that all matters discussed during the mediation are confidential, unless otherwise discoverable, and cannot be used as evidence in any subsequent administrative or judicial proceeding.

The parties agree not to subpoena the mediator(s) or compel the mediator(s) to produce any document provided by a party in any pending or future administrative or judicial proceeding. The mediator(s) will not voluntarily testify on behalf of a party in any pending or future administrative or judicial proceeding. The parties further agree that the mediator(s) will be held harmless for any claim arising from the mediation process.

☒     I do not believe that this matter can be resolved through mediation at this time.

I understand that if either party declines to engage in mediation discussions or if the mediation is unsuccessful, the Respondent must submit a position statement and respond to any other inquiries by the Miami-Dade Commission on Human Rights.

Signature: _____     Date: 3/5/10

Printed Name: J. CATACANO

Telephone Number: 305·567·5596

085

Rev. 12/06