UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-20610-Civ-COOKE/TURNOFF

ELDRICK WOODING, SR.,

    Plaintiff

vs.

FIVE SUNS AVENTURA, LLC,

    Defendant.

_____/

**ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT'S MOTION TO DISMISS**

THIS MATTER is before me on Defendant Five Suns Aventura, LLC's Motion to Dismiss. (ECF No. 26). I have reviewed the arguments, the record, and the relevant legal authorities. For the reasons explained in this Order, the Defendant's Motion is granted in part and denied in part.

**I. BACKGROUND**

This is an action to recover damages under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq*. ("ADEA"). *Pro se* Plaintiff Eldrick Wooding alleges that Defendant Five Suns Aventura, LLC ("Five Suns") discriminated against him based on gender, race, and age when it terminated his employment as a fire-cook at the restaurant Five Guys Burgers and Fries in Aventura, Florida. Mr. Wooding is an African-American male, who is fifty-four years old.

According to his Complaint, Five Suns stated that it terminated Mr. Wooding because he was counting tips during the day. According to documents attached to the Amended Complaint, Five Suns expressed concern to Mr. Wooding that his practice of counting tips during the day was

"causing issued with staff" and was a "huge part of disruption in the store." Mr. Wooding alleges, however, that his younger, female Haitian co-workers were not subject to any adverse employment action for engaging in the same conduct. Mr. Wooding further alleges that his female Haitian co-workers conspired against him to cause his termination.

In July 2009, Mr. Wooding filed a charge against "Five Guys" with the Florida Commission on Human Rights ("CHR") and the U.S. Equal Employment Opportunity Commission ("EEOC"), asserting discrimination based on sex, race, and age. According to documents Mr. Wooding attached to his Complaint, Five Suns's management, including president John Catalano, received a copy of the CHR charge in February 2010, and responded to it by choosing to not take part in mediation with Mr. Wooding. In November 2010, the EEOC adopted the CHR's findings, which had investigated the charge, and sent Mr. Wooding a Notice of a Right to Sue letter. The EEOC also sent a copy of the notice to John Catalano.

Mr. Wooding filed a Complaint against "Five Guys Burgers and Fries" in this Court on February 23, 2011. On July 11, 2011, Mr. Wooding filed an Amended Complaint naming Five Suns as the defendant. Five Suns seeks dismissal of Plaintiff's Amended Complaint because he did not name Five Suns in his charge of discrimination, and because Mr. Wooding fails to adequately state a claim upon which relief can be granted. In the alternative, Five Suns seeks a more definite statement.

## II. LEGAL STANDARDS

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States,* 148 F.3d 1262, 1263 (11th Cir. 1998). However, a court must dismiss an *in forma pauperis* case "at any time if the court determines that . . . the action . . . is frivolous or . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). A district court has the inherent power to

2

dismiss, *sua sponte*, a frivolous lawsuit. *Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008). In this context, a lawsuit is frivolous if it lacks a legal basis or legal merit. *See Black's Law Dictionary*, 739 (9th ed. 2009). A complaint may be dismissed even before service of process, if the court determines "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." *Davis*, 261 F. App'x at 234 (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir.1993)).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Detailed factual allegations are not required, but a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of the cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555). A complaint's factual allegations must be enough to raise a right to relief above speculative level. *Id.*

"A court's review on a motion to dismiss is limited to the four corners of the complaint," and any attachments incorporated into the complaint. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *see* Fed. R. Civ. P. 10(c) ("[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").[1]

---

[1] The documents attached to Mr. Wooding's Complaint, which include his CHR and EEOC charges, will be considered a part of the Complaint. Defendant's Motion to Strike is therefore denied.

### III. ANALYSIS

### A. Charge of Discrimination

A plaintiff must file a timely EEOC charge and receive a Notice of a Right to Sue as a jurisdictional prerequisite to suit in federal court. *See* 42 U.S.C.A. § 2000e-5(e); *Beverly v. Lone Star Lead Constr. Corp.,* 437 F.2d 1136, 1139 (5th Cir. 1971). Generally, the failure to name a party in an EEOC charge precludes a subsequent civil action against that party. *Virgo v. Riviera Beach Assocs, Ltd.*, 30 F.3d 1350, 1358 (11th Cir. 1994) (citing *Schnellbaecher v. Baskin Clothing Co.,* 887 F.2d 124, 126 (7th Cir. 1989)). The naming requirement serves as notice to the charged party, allowing the opportunity for the party to participate in conciliation and voluntary compliance with Title VII's requirements. *See Virgo,* 30 F.3d at 1358. To determine whether the notice purposes of Title VII are met, courts will consider several factors, including, but not limited to: "(1) the similarity of interest between the named party and the unnamed party; (2) whether the plaintiff could have ascertained the identity of the unnamed party at the time the EEOC charge was filed; (3) whether the unnamed parties received adequate notice of the charges; (4) whether the unnamed parties had an adequate opportunity to participate in the reconciliation process; and (5) whether the unnamed party actually was prejudiced by its exclusion from the EEOC proceedings." *Id.* at 1359. Courts will liberally construe this notice requirement. *Id*. at 1358.

Title VII's notice and conciliation purposes are satisfied in this case. Although Mr. Wooding named "Five Guys," instead of Five Suns in his charge of discrimination, the proper party received notice of the charge and declined to engage in mediation. Five Suns's president, John Catalano, received a copy of the charge. The CHR provided Mr. Catalano with an opportunity to participate in mediation to resolve the dispute. Mr. Catalano filled out the CHR's mediation conference form by indicating that he did not believe that this matter could be resolved though mediation. Upon conclusion of the CHR's and the EEOC's investigations, Mr. Catalano

4

received a copy of the EEOC's Notice of Right to Sue letter. The facts indicate that Five Suns suffered no prejudice due to Mr. Wooding's failure to name the proper party in his charge of discrimination. Because the purposes of Title VII have been fulfilled in this case, Five Suns may be subjected to the jurisdiction of this Court. *See Virgo*, 30 F.3d at 1358-59.

**B.  Gender and Race Discrimination Claims**

Mr. Wooding asserts that Five Suns discriminated against him and wrongfully terminated him because of his gender and race, in violation of Title VII. *See* 42 U.S.C. § 2000e-2(a)(1). A plaintiff in a Title VII action may establish a prima facie discrimination claim by offering either direct evidence or circumstantial evidence under the *McDonnell Douglas* framework. *Holifield v. Reno*, 115 F.3d 1555, 1561-62 (11th Cir. 1997). Direct evidence is composed of "only the most blatant remarks, whose intent could be nothing other than to discriminate" on the basis of some impermissible factor. *Carter v. City of Miami,* 870 F.2d 578, 582 (11th Cir. 1989). Under *McDonnell Douglas*, a plaintiff establishes a prima facie case of employment discrimination by showing: (1) he belongs to a protected class; (2) he was subjected to an adverse employment action; (3) his employer treated similarly situated employees outside his protected class more favorably; and (4) he is qualified to do the job. *Id.; Holifield*, 115 F.3d at 1562.

Proof of a prima facie case of discrimination "is an evidentiary standard, not a pleading requirement." *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002). Recently, the Eleventh Circuit clarified that "[a] complaint in an employment discrimination case need not contain specific facts establishing a *prima facie* case under the evidentiary framework for such cases to survive a motion to dismiss. . . . But complaints alleging discrimination still must meet the 'plausibility standard' of *Twombly* and *Iqbal*." *Henderson v. JP Morgan Chase Bank, N.A.*, 436 F. App'x 935, 937 (11th Cir. 2011) (internal citations omitted). It appears, therefore, that a plaintiff may sufficiently state a discrimination claim by making out a prima facie case under

5

*McDonnell Douglas*, but a plaintiff need not necessarily do so to survive a motion to dismiss under Rule 12(b)(6). A plaintiff must, however, plead sufficient facts to state a claim to relief that is plausible on its face.

Mr. Wooding alleges sufficient facts to establish a claim for gender discrimination. Mr. Wooding alleges that he is a male who was subject to an adverse employment action, i.e., termination. According to Mr. Wooding's Complaint and the exhibits attached to it, two female co-workers, Joanna and Maryana, also counted tips during the day but were not terminated. Mr. Wooding also alleges facts demonstrating that he was qualified for his job, including passing a computerized test Five Suns requires for employment. These facts, taken together, tend to show that Five Suns treated other similarly situated female employees more favorably than Mr. Wooding, and support an inference of gender discrimination.

Mr. Wooding, however, fails to state sufficient facts to establish a claim for race discrimination. Mr. Wooding fails to allege any facts that would indicate that racial animus motivated Five Suns. *See Jackson v. BellSouth Telecomm'ns*, 372 F.3d 1250, 1274 (11th Cir. 2004). Although he states that his female Haitian co-workers engaged in tip counting without suffering any adverse employment actions, he provides only information of their national origin (Haitian), not their race. This Court cannot determine from reading his Amended Complaint whether they are similarly situated employees outside of his protected class. In the absence of any further facts supporting his race discrimination claim, and because Mr. Wooding supports this claim with nothing more than bare conclusions, dismissal is appropriate. *See Jackson*, 372 F.3d at 1274.

**C. Age Discrimination Claim**

Mr. Wooding contends that Five Suns also discriminated against him on the basis of his age, in violation of the ADEA. Under the ADEA, a plaintiff can demonstrate discrimination

through direct evidence or circumstantial evidence that raises a presumption of discrimination. *See Zaben v. Air Prods & Chems, Inc.*, 129 F.3d 1453, 1457 (11th Cir. 1997) (applying the *McDonnell Douglas* framework to analyze an age discrimination claim). To make a prima facie case under the *McDonnell Douglas* framework, a plaintiff alleging age discrimination must assert facts showing that: (1) he is over the age of 40; (2) he was subjected to an adverse employment action; (3) similarly situated employees outside his protected group were given favorable treatment; and (4) that he was qualified for the job. *See Reeves v. Sanderson Plumbing Prods, Inc.,* 530 U.S. 133, 142 (2000).

Mr. Wooding does not allege sufficient facts to establish a claim for age discrimination. Mr. Wooding alleges that he is fifty-four years old and Five Suns terminated him for counting tips during the day. As noted above, Mr. Wooding also alleges facts showing that he was qualified for his job. However, Mr. Wooding fails to allege sufficient facts to show that Five Suns terminated him because of his age. Although Mr. Wooding states that "younger" employees also counted tips during the day but suffered no adverse employment actions, he does not allege their actual, or even approximate, age. For example, if his co-workers were only a few years younger than him, perhaps 45 or 50 years old, Mr. Wooding would be unable to make out a prima facie case of discrimination. In the absence of any further facts supporting his age discrimination claim, and because Mr. Wooding supports his age discrimination claim with nothing more than bare conclusions, dismissal is appropriate. *Cf. Jackson*, 372 F.3d at 1274.

### IV. CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** that Defendant's Motion to Dismiss (ECF No. 26) is **GRANTED in part and DENIED in part**, as follows:

1. Plaintiff's race and age discrimination claims are **DISMISSED** *without prejudice*. Defendant may file a Second Amended Complaint within twenty-one days of the date of this

Order.

    2.    Plaintiff's gender discrimination claim remains.

**DONE and ORDERED** in chambers at Miami, Florida, this 2nd day of March 2012.

*[signature: Marcia G. Cooke]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Willia,m C. Turnoff, U.S. Magistrate Judge*
*Eldrick Wooding, Sr.,* pro se
*Counsel of record*